# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELI GOITEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  v.<br><br>JUST ENERGY GROUP INC., DEBORAH MERRIL, JAMES LEWIS, PATRICK MCCULLOUGH, and JIM BROWN,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Eli Goitein ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Just Energy Group Inc. ("Just Energy" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Just Energy; and (c) review of other publicly available information concerning Just Energy.

## NATURE OF THE ACTION AND OVERVIEW

1. This is a class action on behalf of persons and entities that acquired Just Energy securities between November 9, 2017 and July 23, 2019, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2. Just Energy purports to be a consumer company focused on essential needs, including electricity and natural gas commodities; on health and well-being, through products such as water quality and filtration devices; and on utility conservation, including renewable energy options.

3. On July 23, 2019, the Company disclosed that it had "identified customer enrolment [*sic*] and non-payment issues, primarily in Texas, over the past 12 months" and that, as a result, it expected an impairment charge of CAD $45 to $50 million to its Texas residential accounts receivable.

4. On this news, the Company's share price fell $0.66 per share, more than 15%, to close at $3.72 per share on July 23, 2019, on unusually heavy trading volume.

5. Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company experienced customer enrollment and nonpayment issues; (2) that, as a result, the Company was reasonably likely to incur an impairment charge to its accounts receivable; (3)

that, as a result, the Company lacked adequate internal control over its financial reporting; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

6. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7. The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District.

10. In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

11. Plaintiff Eli Goitein, as set forth in the accompanying certification, incorporated by reference herein, purchased Just Energy securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

12. Defendant Just Energy Group Inc. is incorporated under the laws of Canada with its principal executive offices located in Ontario, Canada. Just Energy's common stock trades on

the New York Stock Exchange ("NYSE") under the symbol "JE."

13. Defendant Deborah Merril ("Merril") was the Co-Chief Executive Officer of the Company from April 2014 to April 2018.

14. Defendant James Lewis ("Lewis") was the Co-Chief Executive Officer of the Company from April 2014 to April 2018.

15. Defendant Patrick McCullough ("McCullough") was the Chief Executive Officer of the Company since April 2018. He was the Chief Financial Officer ("CFO") of the Company from August 2014 to April 2018.

16. Defendant Jim Brown ("Brown") has been the CFO since April 2018.

17. Defendants Merril, Lewis, McCullough, and Brown (collectively the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, *i.e.*, the market. The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## SUBSTANTIVE ALLEGATIONS

### Background

18. Just Energy purports to be a consumer company focused on essential needs, including electricity and natural gas commodities; on health and well-being, through products such as water quality and filtration devices; and on utility conservation, including renewable energy options.

### Materially False and Misleading
### Statements Issued During the Class Period

19. The Class Period begins on November 9, 2017. On that day, the Company reported its quarterly results for the period ended September 30, 2017 in a Form 6-K filed with the SEC. Regarding internal control over financial reporting, the Company stated, in relevant part:

> As of September 30, 2017, the Co-Chief Executive Officers ("Co-CEOs") and Chief Financial Officer ("CFO") of the Company, along with the assistance of senior management, have designed disclosure controls and procedures to provide reasonable assurance that material information relating to Just Energy is made known to the Co-CEOs and CFO, and have designed internal controls over financial reporting based on the criteria established in the 2013 Internal Control – Integrated Framework issued by the Committee of Sponsoring Organizations of the Treadway Commission (the COSO criteria) to provide reasonable assurance regarding the reliability of financial reporting and the preparation of consolidated financial statements in accordance with IFRS.
>
> During the three and six months ended September 30, 2017, there were no changes in Just Energy's internal controls over financial reporting that occurred that have significantly affected, or are reasonably likely to significantly affect, the Company's internal controls over financial reporting.

20. Moreover, regarding receivables and allowance for doubtful accounts, the report stated, in relevant part:

> The allowance for uncollectible accounts reflects Just Energy's best estimates of losses on the accounts receivable balances. Just Energy determines the allowance for doubtful accounts on customer receivables by applying loss rates based on historical results to the outstanding receivable balance. Just Energy is exposed to customer credit risk on its continuing operations in Alberta, Texas, Illinois, Ohio, Delaware, California, Michigan, Georgia, the U.K. and commercial direct-billed accounts in British Columbia. Credit review processes have been implemented to perform credit evaluations of customers and manage customer default. If a

significant number of customers were to default on their payments, it could have a material adverse effect on the operations and cash flows of Just Energy. Management factors default from credit risk in its margin expectations for all the above markets.

21. On February 7, 2018, the Company reported its quarterly results for the period ended December 31, 2017 in a Form 6-K filed with the SEC. Therein, the Company reported sales of CAD $912.20 million, net income of CAD $208.42 million, and trade and other receivables of CAD $354.08 million.

22. On May 16, 2018, the Company reported its financial results for the fiscal year ended March 31, 2018 on Form 6-K with the SEC, stating sales of CAD $3.63 billion, net income of CAD $518.57 million, and trade and other receivables of CAD $395.73 million. It also stated that the Company's internal control over financial reporting was effective.

23. On June 1, 2018, the Company filed its annual report on Form 40-F with the SEC for the period ended March 31, 2018, affirming the previously reported financial results and stating that the Company's internal control over financial reporting was effective.

24. On August 8, 2018, after the market closed, the Company announced its first quarter 2019 financial results in a press release, reporting, among other things, sales of CAD $876.46 million.

25. On August 14, 2018, the Company reported its quarterly results for the period ended June 30, 2018 in a Form 6-K filed with the SEC. Therein, the Company reported sales of CAD $876.46 million, net loss of CAD $41.42 million, and trade and other receivables of CAD $677.23 million.

26. On November 8, 2018, the Company reported its quarterly results for the period ended September 30, 2018 in a Form 6-K filed with the SEC. Therein, the Company reported sales of CAD $956.84 million, net loss of CAD $21.45 million, and trade and other receivables of CAD $694.48 million.

27. On February 7, 2019, the Company reported its quarterly results for the period ended December 31, 2018 in a Form 6-K filed with the SEC. Therein, the Company reported sales of CAD $966.65 million, net income of CAD $27.03 million, and trade and other

receivables of CAD $786.85 million.

28.     On May 22, 2019, the Company filed its annual report on Form 40-F with the SEC for the period ended March 31, 2019, reporting sales of CAD $3.8 billion, net loss of CAD $122.87 million, and trade and other receivables of CAD $783.78 million. The report also stated that the Company had identified and remediated deficiencies in its internal control over financial reporting, stating in relevant part:

> During January 2019, in connection with the Company's assessment of internal controls over financial reporting, the Company which identified and subsequently remediated a deficiency in the design and operating effectiveness of certain internal controls related to certain account balances in certain markets. Specifically, the Company identified a deficiency in the design of internal controls through the effective operation of alternative internal controls related to the preparation, analysis and review of certain gross margin accounts in those markets. Upon identification of the deficiency, the Company designed internal controls were designed, including account reconciliations, to remediate the deficiency in design. These new internal controls were effectively operated for February 28, 2019 and March 31, 2019. Just Energy considers the internal control deficiency to be effectively remediated as at March 31, 2019.
>
> As a result of remediating this deficiency in the design of internal controls and operating them in an effective manner, the Company identified certain individually insignificant reconciling items that should have been recorded in periods prior to April 1, 2017.  The Company determined that it was appropriate to revise its consolidated financial statements as at April 1, 2017, as denoted within Note 5 of the consolidated financial statements, to correct for an aggregate error of $14.2 million in the opening accumulated deficit account. It was determined that this deficiency in the design and operating effectiveness of these particular internal controls resulted in no significant error in the income statements for the years ended March 31, 2019 and 2018.

29.     The above statements identified in ¶¶ 19-28 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that the Company experienced customer enrollment and nonpayment issues; (2) that, as a result, the Company was reasonably likely to incur an impairment charge to its accounts receivable; (3) that, as a result, the Company lacked adequate internal control over its financial reporting; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

**Disclosures at the End of the Class Period**

30. On July 23, 2019, the Company disclosed that it had "identified customer enrolment [*sic*] and non-payment issues, primarily in Texas, over the past 12 months" and that, as a result, it expected an impairment charge of CAD $45 to $50 million to its Texas residential accounts receivable. The press release stated, in relevant part:

> Just Energy Group Inc. ("Just Energy") announced today that as part of the previously announced Strategic Review process, management identified customer enrolment [*sic*] and non-payment issues, primarily in Texas, over the past 12 months. As management identified these issues, more robust operational controls were put in place, culminating in numerous improvements being implemented during June and July 2019.
>
> Due to the identified issues, management is updating its provisioning methodology used to estimate its reserve for trade receivables. Management expects an incremental impairment of the Texas residential accounts receivable of approximately CAD $45 to $50 million as of June 30, 2019.
>
> "The enrolment [*sic*] and non-payment issues have been remediated and management is confident in the business and operational controls currently in place. These issues will not have a continuing effect on future cash flows," said Rebecca MacDonald, Just Energy's Executive Chair.

31. On this news, the Company's share price fell $0.66 per share, more than 15%, to close at $3.72 per share on July 23, 2019, on unusually heavy trading volume.

**CLASS ACTION ALLEGATIONS**

32. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that acquired Just Energy securities between November 9, 2017 and July 23, 2019, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

33. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Just Energy's common shares actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can

only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class. Millions of Just Energy common stock were traded publicly during the Class Period on the NYSE. Record owners and other members of the Class may be identified from records maintained by Just Energy or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

34. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

35. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

36. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b) whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Just Energy; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

37. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

**UNDISCLOSED ADVERSE FACTS**

38. The market for Just Energy's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, Just Energy's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Just Energy's securities relying upon the integrity of the market price of the Company's securities and market information relating to Just Energy, and have been damaged thereby.

39. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Just Energy's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading. The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about Just Energy's business, operations, and prospects as alleged herein.

40. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Just Energy's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

41. Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

42. During the Class Period, Plaintiff and the Class purchased Just Energy's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

43. As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding Just Energy, their control over, and/or receipt and/or modification of Just Energy's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Just Energy, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

44. The market for Just Energy's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, Just Energy's securities traded at artificially inflated prices during the Class Period. On February 13, 2018, the Company's share price closed at a Class Period high of $5.05 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Just Energy's securities and market

information relating to Just Energy, and have been damaged thereby.

45. During the Class Period, the artificial inflation of Just Energy's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Just Energy's business, prospects, and operations. These material misstatements and/or omissions created an unrealistically positive assessment of Just Energy and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

46. At all relevant times, the market for Just Energy's securities was an efficient market for the following reasons, among others:

(a) Just Energy shares met the requirements for listing, and was listed and actively traded on the NYSE, a highly efficient and automated market;

(b) As a regulated issuer, Just Energy filed periodic public reports with the SEC and/or the NYSE;

(c) Just Energy regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d) Just Energy was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

47. As a result of the foregoing, the market for Just Energy's securities promptly digested current information regarding Just Energy from all publicly available sources and

reflected such information in Just Energy's share price. Under these circumstances, all purchasers of Just Energy's securities during the Class Period suffered similar injury through their purchase of Just Energy's securities at artificially inflated prices and a presumption of reliance applies.

48. A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions. Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions. Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## NO SAFE HARBOR

49. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Just Energy who knew that the statement was false when made.

**FIRST CLAIM**
**Violation of Section 10(b) of The Exchange Act and**
**Rule 10b-5 Promulgated Thereunder**
**Against All Defendants**

50.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

51.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Just Energy's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

52.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Just Energy's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

53.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Just Energy's financial well-being and prospects, as specified herein.

54.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Just Energy's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Just Energy and its business

operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

55. Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

56. Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Just Energy's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

57. As a result of the dissemination of the materially false and/or misleading

information and/or failure to disclose material facts, as set forth above, the market price of Just Energy's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Just Energy's securities during the Class Period at artificially high prices and were damaged thereby.

58. At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Just Energy was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Just Energy securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

59. By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

60. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## SECOND CLAIM
### Violation of Section 20(a) of The Exchange Act
### Against the Individual Defendants

61. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

62. Individual Defendants acted as controlling persons of Just Energy within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the

Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

63. In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

64. As set forth above, Just Energy and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: July 31, 2019

By: */s/ Lesley F. Portnoy*
**GLANCY PRONGAY & MURRAY LLP**
Lesley F. Portnoy (LP-1941)
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: lportnoy@glancylaw.com

-and-

Lionel Z. Glancy
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Attorneys for Plaintiff Eli Goitein*

CLASS ACTION COMPLAINT
17

# SWORN CERTIFICATION OF PLAINTIFF

## JUST ENERGY GROUP INC. SECURITIES LITIGATION

I, Eli Goitein individually, and/or in my capacity as trustee and/or principal for accounts listed on Schedule A, certify that:

1. I have reviewed the Complaint and authorize its filing and/or the filing of a Lead Plaintiff motion on my behalf.

2. I did not purchase the Just Energy Group Inc. securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3. I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4. My transactions in Just Energy Group Inc. securities during the Class Period set forth in the Complaint are as follows:

    (See attached transactions)

5. I have not sought to serve, nor served, as a representative party on behalf of a class under this title during the last three years, except for the following:

6. I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court, including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing are true and correct statements.

7/30/2019
_____
Date

DocuSigned by:
*Eli Goitein*
10BE36B2EC4B4F4...
_____
Eli Goitein

**Eli Goitein's Transactions**
**JUST ENERGY, INC.**

| Date | Transaction Type | Quantity | Unit Price |
|---|---|---|---|
| 12/12/2017 | Bought | 100 | $4.15 |
| 12/21/2017 | Bought | 500 | $4.43 |
| 01/09/2018 | Bought | 100 | $4.17 |
| 04/23/2018 | Bought | 279 | $4.20 |
| 06/04/2018 | Bought | 225 | $3.78 |
| 06/04/2018 | Bought | 21 | $4.20 |
| 10/04/2018 | Bought | 200 | $3.20 |
| 11/06/2018 | Bought | 75 | $3.39 |
| 06/07/2019 | Sold | 1,200 | $4.00 |